JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ELFMONT, *an individual;* | Case No. 2:26-cv-00946-SB-SSC |
| Plaintiff, | |
| vs. | **ORDER APPROVING STIPULATION FOR ARBITRATION AND DISMISSING CASE WITHOUT PREJUDICE** |
| WELLS FARGO BANK, N.A., *a National Banking Association*; and, DOES 1 through 50, inclusive, | |
| Defendants. | |

ORDER APPROVING STIPULATION FOR ARBITRATION

## <u>ORDER</u>

Pursuant to the joint stipulation of the parties, Dkt. No. 25, the Court hereby ORDERS this matter to arbitration as follows:

1. The Federal Arbitration Act (FAA) shall apply with full force and effect to the arbitration proceedings. This matter will be submitted to binding arbitration before the American Arbitration Association (https://www.adr.org) in California. Defendant Wells Fargo Bank, N.A. (Defendant) shall bear the costs specific to the arbitration, such as the arbitrator fees, except that Plaintiff Daniel Elfmont (Plaintiff, and collectively with Defendant, the Parties) shall pay the portion of those fees equal to the amount it would have cost Plaintiff to file the claim in a court of competent jurisdiction. Otherwise, the Parties shall each bear their own standard litigation type costs such as deposition fees, transcript fees, and witness fees. The Parties agree that the award of the arbitrator, which shall be in writing, shall be the final, sole, and exclusive remedy between them regarding any claims, counterclaims, issues, or accountings presented or pled to that arbitrator; that it shall be non-appealable; that the arbitration shall have jurisdiction to award all relief available in law or equity that is requested by either Party and supported by credible, relevant, and admissible evidence; that any monetary award shall be promptly paid, free of any tax, deduction, or offsets; and that any costs, fees, or taxes incident to enforcing the award shall be charged against the Party resisting such enforcement. Judgment upon the award of the arbitrator may be entered and enforced in any court having jurisdiction;

2. The arbitrator will apply California substantive law;

2

ORDER APPROVING STIPULATION FOR ARBITRATION

3.  This action is hereby dismissed without prejudice, and this Court reserves jurisdiction to re-open the matter in the event that an issue arises during the course of the arbitration that requires Court intervention; and

4.  Defendant's motion to compel arbitration (Dkt. No. 21) is denied as moot, and the April 3 motion hearing and March 13 mandatory scheduling conference are vacated.

Date: March 12, 2026



Stanley Blumenfeld, Jr.
United States District Judge

3

ORDER APPROVING STIPULATION FOR ARBITRATION